## HUER v. CITY OF CENTRAL.

1. CONSTITUTIONAL LAW — INCORPORATION OF CITY BY SPECIAL CHARTER BEFORE THE CONSTITUTION.— Where, before the adoption of the state constitution, a city was incorporated under a special charter, and no abandonment of this charter, and re-incorporation under the general laws relating to towns and cities, has taken place, the original charter, and amendments thereto, are not unconstitutional on the ground of special or local legislation; and, unless inconsistent with the constitution, they may stand.

2. APPEAL FROM POLICE MAGISTRATE TO DISTRICT COURT.— Originally the charter of defendant provided for the election of "one justice of the peace to be denominated 'police judge,' for the city of Cen-

tral." By subsequent amendment the language was so changed as simply to require the election of "one police judge." The city charter further contained the following provision: " Appeals shall be allowed from decisions in all cases arising under the provisions of this act, or any ordinance passed in pursuance thereto, to the district court; and every such appeal shall be granted in the same manner, and with like effect, as appeals are taken from and granted by justices of the peace under the laws of this territory." Afterwards the course of appeal from justices of the peace to the district court was changed to the county court. *Held*, notwithstanding, that an appeal would lie from the police judge to the district court.

3. ERROR TO DISMISS CAUSE FOR WANT OF JURISDICTION WHEN PENDING ON APPEAL.— On such an appeal, irrespective of the question of jurisdiction, the district court was not authorized to dismiss the cause.

### *Appeal from District Court of Gilpin County.*

CLEMENT E. HUER was tried and convicted before the police magistrate under an ordinance of the city of Central. He appealed from the judgment pronounced, to the district court. In the latter court, on motion, his appeal was dismissed for want of jurisdiction, and judgment was rendered against him for costs. To reverse this judgment the present appeal was taken, under the act of 1885, regulating practice in this court.

Mr. J. McD. LIVESAY, for appellant.

E. W. HURLBUT, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Prior to the adoption of the constitution, Central City was incorporated under a special charter. No abandonment of this charter, and re-incorporation under the general law relating to towns and cities, has since taken place. Therefore provisions of the original charter, and legitimate amendments thereto, are not unconstitutional upon the ground of special or local legislation; and, unless inconsistent with the constitution, they may stand. *People v. Londoner*, and citations, 13 Colo. 303.

Originally, the charter in question provided for the election of "one justice of the peace, to be denominated 'police judge,' for the city of Central." But by subsequent amendment the language was so changed as simply to require the election of "one police judge." Sess. Laws 1866, p. 94. While the office has since been made appointive, instead of elective, the requirement that the incumbent be a justice of the peace has not been restored.

This police judge or "magistrate," as he is termed in some parts of the charter, is now appointed by the council. By statute, he is given jurisdiction over actions for the violation of city ordinances. By ordinance, such jurisdiction is made exclusive, except in case of absence or disability. If it were a fact that the police judge is also clothed with the powers of a justice of the peace, the present inquiry would not be affected thereby. In the case at bar he was not acting, or attempting to act, as a justice of the peace. He proceeded as police judge or magistrate, exclusively, and discharged the duties peculiar to that office.

Appeals do not now lie, under the general law, from justices of the peace to the district court. The judgment of the court below was predicated upon the proposition that, for this reason, no appeal would lie from the police judge of Central to the district court. The special charter of Central City contains the following provision: "Appeals shall be allowed from decisions in all cases arising under the provisions of this act, or any ordinance passed in pursuance thereto, to the district court; and every such appeal shall be granted in the same manner, and with like effect, as appeals are taken from and granted by justices of the peace under the laws of this territory."

The foregoing statute, which was adopted in 1864, contains, in substance, two affirmative declarations: *First*, that appeals from decisions of the police judge, in cases

relating to the violation of city ordinances, shall lie to the district court; and, *secondly*, that such appeals are to be granted and prosecuted in the same manner, and with like effect, as are appeals from judgments of justices of the peace. The two clauses of this provision are therefore separate, and in a certain sense independent of each other. The first specifies the forum to which the appeals in question shall be taken. The second points out the manner of prosecuting such appeals. It is true that when the statute first became a law the right of appeal from justices of the peace to the district court also existed. It is likewise true that this right has been taken away, and that for the last twelve years appeals from justices of the peace have been returnable exclusively to the county court. But there is nothing in the constitution requiring that appeals from police magistrates, in actions under ordinances, be taken to the same tribunal as those from justices of the peace acting within their ordinary jurisdiction. Nor has the statute under consideration been changed or repealed by other legislative enactment. In view of the plain statutory declaration on the subject, and of the fact, above mentioned, that the statute is not void because local in its operation, we are of opinion that the appeal in question was erroneously dismissed.

Substituting the word " state " for the word " territory " in the provision, as we are authorized to do, the foregoing construction involves no inconsistency or difficulty. The appeal lies to the district court; but it is to be granted in the same manner, and prosecuted with the same effect, as appeals, under the present general laws, from justices of the peace to the county court.

We have not seen fit to notice the fact that, according to the record recital, the district court dismissed the *cause itself*, instead of the appeal from the police magistrate. In any view of the case, this ruling would, at the stage of the proceeding when taken, be erroneous. If the court

had no jurisdiction of the appeal, it could not dismiss the cause; while, if the court did have jurisdiction of the appeal, it had no authority to summarily dispose of the *cause* in this manner.   The judgment is reversed and the cause remanded.

*Reversed.*